STEAMBOAT LEBANON vs. JOHN GREVISON.

A note given for money loaned to a person to enable him to purchase a boat is no lien on the boat.

## ERROR to St. Louis Circuit Court.

CARROLL & GIBSON, *for Plaintiff in error.*

1st. This is an effort to hold the boat responsible under our statute for *money loaned* to *purchase* a boat. The boat was not on any trip or voyage; she was not under weigh; she was not proposing to start on any voyage; she was empty at the wharf. But more than this, the boat was in *custodia legis,* actually in an officer's hands at the time this money was loaned. If money thus loaned be "supplies," and a lien in the meaning of the law, and the courts, all language is confounded and all our ideas of a lien are reversed.

2nd. H. Powers was not the owner or master of the steamboat Lebanon at the time the money was borrowed, for which the note in this case was given; the boat was in the hands of an officer of the law, and all the rights of the owner in her was sold at public auction, and this money was *borrowed* to pay for her. How, at such a moment, and under such circumstances, can a boat have a master? *What* are his duties in such a case?

3rd. The statute gives the lien if there be any, and what part of the statute sets forth the *loan* of money to purchase a boat as a lien? There is none.

4th. The Judge of the Court of Common Pleas, in the instructions he gave to the jury, left the jury to determine what was, and what was *not* a lien, which is a pure question of *law,* with which a jury has properly nothing more to do, than they have to do with our title to Oregon.

5th. The instructions asked for on the part of the defendant, are undeniable law, reason, sense and justice, and ought to have been given.

6th. Liens are not transferrable. If A has a judgment against B, and B's property is sold to satisfy the debt, the purchaser acquires all the rights of both A and B in the land, and if the purchaser borrows money wherewith to pay the sheriff, and thus gets a deed, did any body before in the world ever suppose that the man who thus *loaned* the *money* to him, acquired any lien whatever? No; the honor of that discovery has been reserved for the modern luminaries in jurisprudence—the *latter-day* saints of the law.

FIELD, *for Defendant in error.*

SCOTT, J., *delivered the opinion of the Court.*

This was a proceeding against the steamboat Lebanon, under the statute concerning boats and vessels. On the trial, Grevison the plaintiff below, obtained judgment; the cause was then taken from the Common Pleas to the Circuit Court by writ of error, where that judgment was affirmed. The cause is now brought here by writ of error.

It appears that in April 1845, the boat was attached for debts, and continued in possession of the officer until the 3d May, 1845, when she was sold. The note evidencing the debt for the recovery which this proceeding was instituted, bore date the 3d May, 1845, and there was evidence showing that the money claimed in this suit was loaned to Captain Pow-

ers to enable him to pay for the boat of which he became the purchaser. Powers had been and was master of the boat at the time she was attached. There was evidence that previous to the 3d May, the boat was not indebted to the plaintiff.

The court instructed the jury, that if the money borrowed by Henry Powers was applied to the satisfaction of liens on the steamboat Lebanon, and was borrowed for that purpose, the plaintiff is entitled to recover; and refused instructions to the effect, that if the money loaned by the plaintiff to Powers the purchaser, was for the purpose of enabling him to pay for the same, they will find for the defendant.

Even admitting that the first instruction contained a correct legal proposition, about which no opinion is given, we do not see that there was any evidence to warrant it. The instruction asked by the defendant fairly met the facts of the case, was in conformity to law and should have been given. The other Judges concurring, the judgment will be reversed and the cause remanded.